# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALISON REEDY, on behalf of D. R., her minor son, | Case No. |
| Plaintiff, | HON. |
| v. | |
| HURON SCHOOL DISTRICT; DONAVON ROWE, Superintendent; HURON TOWNSHIP POLICE DEPT; EVERETT ROBBINS, Chief of Police; LEO GIRARD; AND KYM WORTHY, Wayne County Prosecutor. | **COMPLAINT** <br><br> JURY TRIAL DEMANDED |
| Defendants. | |

Daren A. Wiseley (P85220)
WISELEY LAW, PLLC
*Attorney for Plaintiff*
41 ½ E. Bacon St.
Hillsdale, MI 49242
517-234-4020
dwise@defendyourrights.law

*There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in this complaint.*

**NOW COMES** the Plaintiff, **Alison Reedy**, on behalf of D. R., her minor son, by and through her attorney, Daren A. Wiseley, and together bring this Complaint against the above-named Defendants, their employees, agents, and successors in office. Plaintiff alleges the following facts in support of this complaint herein based on information and belief:

1

**INTRODUCTION**

1. "If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Texas v. Johnson*, 491 U.S. 397 (1989).

2. Students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).

3. A foundational core of our Constitutional Republic is that the State cannot punish its citizens for engaging in speech that is protected by the First Amendment. Just as citizens cannot be criminally punished for protected speech, a public school cannot discipline speech that falls within the ambit of the First Amendment.

4. This case arises out of a statement, that any reasonable person would understand within the context, was not intended to be communicated as any type of threat. Notwithstanding that fact, Defendants decided to zealously prosecute a criminal case and expel Plaintiff, even though there was no legal or factual basis to do so.

5. Defendants acted outside the scope of their statutory authority and violated Plaintiff's constitutional rights by disciplining him through expulsion; placing a record of the discipline in Plaintiff's permanent school record, transcript, and file; forcing him to spend time incarcerated; and fight a criminal offense.

6. The comment was inappropriate, but not a threat or act of violence.

7. This case seeks to protect and vindicate statutory and fundamental Constitutional rights. Plaintiff brings this civil rights action under the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and for other statutory and constitutional violations, challenging Defendants' acts, policies, practices, customs,

2

and procedures, which deprived Plaintiff of his rights.

8. As set forth in this Complaint, the actions, policies, practices, customs, and procedures of Defendants were the cause of, and the moving force behind, the statutory and constitutional violations in this case.

9. Plaintiff brings this action not only for damages, but also for these express purposes:

> a) for a declaration that the acts of Defendants were unconstitutional and violate clearly established laws;
>
> b) for a complete expungement of any reference to expulsion, or any other disciplinary action taken based upon the events related to his expression, from Plaintiff's transcript and complete student records and file;
>
> c) for injunctive relief to immediately reinstate him from the expulsion; and,
>
> d) for an award of Plaintiff's reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. §1988 and other applicable law.

## THE PARTIES

10. D. R. ("Plaintiff") is a minor child who, at all relevant times to this complaint, attended Huron School District, and resided in New Boston, Wayne County, Michigan.

11. Plaintiff is a minor and respectfully requests this Honorable Court to appoint his parent as next friend for the proposes of this action. Further, Plaintiff requests that the Court permit Plaintiff to use pseudonyms since Plaintiff is a minor.

12. Plaintiff Alison Reedy ("Ms. Reedy") is the mother of D.R., a minor. She is suing on D.R.'s behalf for the harm he so wrongfully suffered as a result of the acts of the Defendants. Plaintiff Reedy resided with her family in New Boston, Wayne County, Michigan, until the actions of Defendants forced the family to relocate.

13. Defendant Huron School District ("Huron") is a public school district,

operating a public-school system in Wayne County, Michigan, under the laws of Michigan. Its office is located at 32044 Huron River Drive, New Boston, MI 48164. Huron is the body responsible for managing, adopting, implementing, and enforcing all school policies and the student code of conduct.

14.     Defendant Donavon Rowe was/is employed by Defendant Huron as the District Superintendent and was and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment. He is being sued in his individual and official capacities.

15.     Defendant Huron Township Police Department ("HPD") is a police agency provided to its residents by the Township of New Boston, which acts under the color of Michigan and municipal law. Its office is located at 36500 S Huron Rd, New Boston, MI 48164.

16.     At all relevant times, Defendant HPD was the employer for Defendants Robbins and Girard.

17.     Defendant Everett Robbins was/ is employed by Defendant HPD as the Chief of Police, and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment. He is being sued in his individual and official capacities.

18.     Defendant Leo Girard was/is employed by Defendant HPD as a Detective with rank of Lieutenant, and at all times mentioned herein was acting under color of law, in his individual and official capacities, and within the course and scope of his employment. He is being sued in his individual and official capacities.

19.     Defendant Kym Worthy is the Wayne County Prosecuting Attorney, employed by Wayne County, and at all times mentioned herein was acting under color of law, in her

individual and official capacities, and within the course and scope of her employment. She is being sued in her individual and official capacities.

20. Defendants are not immune from suit by governmental immunity claims herein.

21. The relevant acts, transactions, occurrences, and/or omissions to this complaint transpired within the Township of New Boston, Wayne County, Michigan.

## JURISDICTION AND VENUE

22. This action arises under the Constitution and laws of the United States and of the State of Michigan. Jurisdiction is conferred on this Honorable Court pursuant to Article III of the United States Constitution; 28 U.S.C. § 1331; and 42 U.S.C. § 1983, 1985, and 1988.

23. This Court has supplemental jurisdiction regarding the remaining state claims pursuant to 28 U.S.C. § 1367.

24. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Honorable Court.

25. Plaintiff's claims for damages are authorized under 42 U.S.C. § 1983, 42 U.S.C. § 2000d-7, and by the general legal and equitable powers of this Honorable Court.

26. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred in Wayne County, located in the Eastern District of Michigan.

27. The amount in controversy greatly exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest, costs, and attorney fees.

## FACTUAL BACKGROUND

28. Plaintiff incorporates all preceding paragraphs by reference as if fully restated

herein.

29.     At the time the actions transpired giving rise to this complaint, Plaintiff attended Huron as a ninth-grade high school student. Plaintiff was an "A" student, in good standing, with no record of any violence or other behavioral or academic violations.

30.     On or about December 8, 2021, Ms. Reedy approached Huron with an assignment her son, Plaintiff, had been assigned. The assignment had a song teaching Allah worship, as practiced by Islam. Ms. Reedy, as a practicing Christian, took issue with her son being taught this in his public school, which is not supposed to endorse a particular religion.

31.     Not more than 20 minutes later after Ms. Reedy turned in the assignment, and conveniently at 2:45 p.m., when the school day was ending for all to see, Plaintiff was approached by Defendant Girard. Acting in his official capacity with HPD, Defendant Girard told Plaintiff, "Stand up you're going to jail".

32.     Plaintiff was then taken into custody at the school and interrogated, even though he had not been advised of any of his legal rights.

33.     Ms. Reedy attempted to see her son at the time the interrogation was underway. However, she was barred from entering the room where Plaintiff was. Huron Principal O'Brien instead told Ms. Reedy "we're not ready for you yet", three times, within the hour-and-a-half period she was forced to wait outside.

34.     After the interrogation, Defendant Girard, said to Ms. Reedy, "this will be the best thing that ever happens to your son, as I [Defendant Girard] was arrested at 17 and it changed my life."

35.     Plaintiff was then arrested.

36. Defendant Girard had the audacity to call the Huron Hub media[1], **before Plaintiff was even booked at the detention facility**, and had the story put in the newspaper, showing where Defendant Girard's priorities lie. **(EX. 1)**.

37. Plaintiff was taken to Detroit Juvenile Facility where he was emotionally and mentally abused all night with threats from other inmates. These included threats that the other inmates were going to "tear him up", "white cracker", and "piece of meat" – all which will stay with and traumatize Plaintiff for life.

38. Plaintiff was charged with "Intentional Threat to Commit Act of Violence Against School, School Employees or Students", apparently for "intentionally threaten[ing] to use a firearm to commit an act of violence against . . . unspecified students, or school property." **(EX. 2)**

39. Just five days later, on December 13, 2021, Huron conducted a hearing in which Plaintiff was expelled, that resembled a show trial. Notably, **before the "hearing" took place, Defendant Rowe, told those on the board how they would vote.** Also of note, is the fact that **Plaintiff's lawyer was called the day before the hearing and told "we [Huron] have made up our mind and he [Plaintiff] is going to be expelled"**.

40. Furthermore, **although the witness was present, Huron did not allow him to speak.**

41. After the expulsion, Ms. Reedy appealed on behalf of Plaintiff, which was denied.

42. Following the denial of appeal, Ms. Reedy wrote an administrative complaint on Donavon Rowe for not giving her family due process. In response, **Defendant Rowe**

---

[1] a local newspaper.

7

**conducted the investigation of himself.**

43. The criminal charge and expulsion both purported to be for an alleged joke Plaintiff made to some friends at school, which Defendants twisted completely out of context, to make it seem as though Plaintiff were making a violent threat.

44. Defendants proceeded with the criminal charge and expulsion, even though there was no evidence to support the prosecution and expulsion. All three students interviewed said that Plaintiff made no threat of violence. Two of the students stated they didn't even hear the alleged statement.

45. Ms. Reedy received a phone call from Defendant Robbins, acting in his official capacity as the HPD chief of police, who informed her that she was "under criminal investigation, and threatened that he could "arrest her at any time", even though she had committed no criminal wrongdoing.

46. On October 25, 2022, Plaintiff was found not guilty by a judge, who was appalled by the manner of "investigation" taken by Defendants against Plaintiff.

47. Even though the criminal charge against Plaintiff were devoid of evidence and legal merit, Plaintiff incurred over $25,000 in legal fees defending against the frivolous prosecution.

48. Since Plaintiff now had "threat" marked on his record, he was not given the option of the school of his family's choice and could not get into private schools. Him and his family were then forced to move so he could find a school to attend.

49. Since the expulsion, Plaintiff has encountered no other problems with any other person or entity.

50. On July 15, 2022. Plaintiff's attorney sought reinstatement into Huron on his

behalf so that Plaintiff could get a fresh start and be better positioned for college in the upcoming years. The letter outlined how Plaintiff had encountered no further problems and the significant impact reinstatement would have on his life and future outlook. **(EX. 3)**

51. Huron denied the request for reinstatement, which, considering the history of its actions towards Plaintiff, can only be described as punitive and vindictive.

52. Defendants, by their actions, stigmatized and alienated Plaintiff.

53. As a result of Defendants' actions, Plaintiff has suffered severe mental and emotional distress and anxiety, evidenced by the fact that he went from an "A" to a "D" student, in direct correlation to the events detailed above. Furthermore, he is forever traumatized from his needless experience of being arrested and threatened while in jail.

54. As a further result of Defendants' actions, Plaintiff has permanent stain on his otherwise pristine educational record that will cause him significant undeserved hardship in the college application process and his future career outlook. Plaintiff would also like to be a part of National Honor Society, but the unlawful and malicious expulsion continues to haunt him. The expulsion uprooted his life with his friends and forced him to change schools.

55. Finally, as a result of Defendants' actions, Plaintiff has suffered from being wrongfully expelled with disregard to any notion of due process at every step, including appeals. Plaintiff also suffered from Huron's vindictive refusal to reinstate Plaintiff and mitigate the damages they so wrongfully caused him.

56. Plaintiff continues to be unlawfully expelled and has this permanent record placed in his transcript, record, and file.

## COUNT I
## JUDICIAL DECLARATION
## VIOLATION OF THE REVISED SCHOOL CODE – MCL § 380.1310(D)

57. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

58. MCL 380.1310(d) provides:

> Before suspending or expelling a pupil under section 1310, 1311(1), 1311(2), or 1311a, the board of a school district . . . or a superintendent, school principal, or other designee under section 1311(1), shall consider each of the following factors:
>
> (a) The pupil's age.
>
> (b) The pupil's disciplinary history.
>
> (c) Whether the pupil is a student with a disability.
>
> (d) The seriousness of the violation or behavior committed by the pupil.
>
> (e) Whether the violation or behavior committed by the pupil threatened the safety of any pupil or staff member.
>
> (f) Whether restorative practices will be used to address the violation or behavior committed by the pupil.
>
> (g) Whether a lesser intervention would properly address the violation or behavior committed by the pupil.

59. Subsection (2) further provides:

> [I]n exercising this discretion with regard to a suspension of more than 10 days or an **expulsion, there is a rebuttable presumption that a suspension or expulsion is not justified unless the board or board of directors, or its designee, can demonstrate that it considered each of the factors listed under subsection (1).** [emphasis added].

60. Plaintiff was expelled without Huron considering the factors required by MCL 380.1310(d). Furthermore, the expulsion required a demonstration of each of the factors – none of which were considered.

10

61.     Plaintiff's expulsion via Defendant Rowe's decree was in direct violation of Michigan law.

62.     Therefore, Plaintiff's expulsion was unlawful, and Plaintiff respectfully requests this Honorable Court issue a judicial declaration that Defendant Huron violated MCL 380.1310(d), and the expulsion was unlawful and invalid.

## COUNT II
## U.S.C. § 1983
## VIOLATION OF THE FOURTEENTH AMENDMENT – DUE PROCESS OF LAW

63.     Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.[2]

64.     Education is a fundamental right and a property interest protected by the Fourteenth Amendment to the United States Constitution. Plaintiff has a constitutionally cognizable property interest in, and a fundamental right to, an education under *Goss v. Lopez*, 419 U.S. 565, 574 (1975), and Article VIII, Section 2 of the Michigan Constitution.

65.     At a minimum, due process requires that any deprivation of property by adjudication be preceded by notice and a meaningful opportunity to be heard appropriate to the nature of the case.

66.     Plaintiff was disciplined after the statement, prior to a full investigation being completed, prior to providing a proper opportunity to be heard, and prior to establishing that Defendants had any authority to act.

67.     Plaintiff was deprived of any meaningful opportunity to contest the expulsion prior to it being imposed and enforced.

---

[2] Count II pertains to Defendants Huron and Rowe

68. Plaintiff was not given any notice as to how the statement allegedly violated any school policies until after Plaintiff had been disciplined.

69. Plaintiff gave notice to Defendants that they were acting outside the scope of their authority and requested that Plaintiff be fully reinstated to school and Defendants refused.

70. Defendants' disciplinary response of expulsion has been placed in Plaintiff's permanent school record, transcript, and file.

71. Defendants acted outside the scope of their authority, disciplined Plaintiff for speech that was not any type of threat, did not follow their own policies and procedures, violated MCL 1380.10(d) and thereby deprived Plaintiff of his due process rights and violated 42 U.S.C § 1983.

72. Defendants failed to properly train, hire, and/or supervise its school officials regarding the proper policies, procedures, and limitations on student discipline, including the need to protect a student's Due Process rights.

73. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered: mental anguish; damage to his reputation; emotional distress; humiliation; adverse consequences socially, educationally, and vocationally; and other damages known and unknown.

74. Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

75. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

76. Plaintiff is entitled to injunctive relief ordering his immediate reinstatement from expulsion.

## COUNT III
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTH AMENDMENT – FALSE ARREST

77. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.[3]

78. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to bodily security and to be free from unreasonable searches and seizures.

79. At all material times, Defendants acted under color of law and unreasonably when they falsely arrested and falsely detained Plaintiff without probable cause, violating Plaintiff's Fourth Amendment rights.

80. At all material times, Defendants acted under color of law and unreasonably when they arrested and caused to have charges brought against Plaintiff without first completing a full investigation, violating his Fourth Amendment rights.

81. Defendants acted unreasonably and failed in their duties when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

82. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

83. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his constitutional rights.

84. Defendants failed to properly train, hire, and/or supervise its law enforcement officials regarding the proper policies, procedures, and limitations on discipline, including the need to protect a minor/ student's Due Process rights.

---

[3] Counts III and IV pertain to Defendants HPD, Robbins, Girard, and Worthy.

85. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered: mental anguish; damage to his reputation; emotional distress; humiliation; adverse consequences socially, educationally, and vocationally; and other damages known and unknown.

86. Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

87. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

## COUNT IV
## 42 U.S.C. § 1983
## VIOLATION OF THE FOURTH AMENDMENT – MALICIOUS PROSECUTION
## MCL § 600.2907

88. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

89. As described above, Defendants violated Plaintiff's right to be free from criminal prosecution without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

90. In Michigan, a cause of action for malicious criminal prosecution arises when one person causes another to be arrested for a crime for which the arrestee is ultimately found not guilty or against whom the criminal case is dismissed. A plaintiff must demonstrate that the civil defendant acted with an ulterior purpose otherwise improper in the normal conduct of the proceeding. *Pilette Indus, Inc v Alexander*, 17 Mich App 226, 169 NW2d 149 (1969).

91. MCL 600.2907 provides in part:

> [E]very person who shall, for vexation and trouble or maliciously, cause or procure any other to be arrested, attached, or in any way proceeded against, by any process or civil or criminal action, or in any other manner prescribed by

14

law... shall be liable to the person so arrested, attached or proceeded against, in treble the amount of the damages and expenses…

92. Defendants initiated, through the use of falsehood, the aforementioned criminal prosecution of Plaintiff without probable cause.

93. At any point in time, Defendants could have used THEIR OWN evidence to dismiss the charges and end the baseless and malicious prosecution against Plaintiff.

94. The aforementioned criminal proceedings were resolved in Plaintiff's favor; the charge was dismissed citing a crime had not even been committed.

95. The primary purpose of the prosecution was malice or other than that of bringing the alleged offender to justice.

96. Plaintiff suffered a special injury as a result of Defendants' actions.

97. As a consequence of the criminal prosecution initiated by Defendants, Plaintiff suffered an unreasonable and unconstitutional deprivation of liberty and damages that were the direct and proximate cause of Defendants' actions and/or inactions. Interestingly, Defendants didn't use much of their own evidence, including their own so-called "witness".

98. Defendants failed to properly train, hire, and/or supervise its law enforcement officials regarding the proper policies, procedures, and limitations on discipline, including the need to protect a minor/ student's Constitutional rights.

99. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered: mental anguish; damage to his reputation; emotional distress; humiliation; adverse consequences socially, educationally, and vocationally; and other damages known and unknown.

100. Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

101. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

## COUNT V
## 42 U.S.C. § 1983
## VIOLATION OF THE FIRST AMENDMENT – THE FREEDOM OF SPEECH

102. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.[4]

103. Plaintiff's speech is protected by the First Amendment to the United States Constitution, and Article I, § 5 of the Michigan Constitution.

104. Plaintiff's speech was not a threat of any kind, let alone a true threat, nor did it pose any safety risk to the school.

105. There was no disruption of any kind that occurred in the school environment resulting from Plaintiff's statement, and any minor problem that may have occurred was a result of Defendants' own overreaction to Plaintiff's speech and their violation of Plaintiff's privacy and constitutional rights, rather than the speech itself.

106. Defendants acted intentionally and under the color of state law, which violated Plaintiff's clearly established constitutional rights by illegally punishing him for his protected speech. This constitutes a violation pursuant to 42 U.S.C § 1983.

107. Defendants acted with reckless, wanton, or callous indifference to Plaintiff's protected constitutional rights.

108. Defendants violated Plaintiff's rights by expelling him and subjecting him to a criminal prosecution because of his speech.

109. Defendants' policies and/or procedures described above are in direct conflict

---

[4] Counts V and VI pertain to all Defendants.

with Plaintiff's First Amendment rights and are a custom, pattern, and practice of Defendants in violation of 42 U.S.C § 1983.

110. Defendants' policies and procedures operate to force all students to curtail their speech and expression at all times in a manner prohibited by the First Amendment.

111. Defendants failed to properly train, hire, and/or supervise its school/ law enforcement officials regarding the proper policies, procedures, and limitations on student discipline, including the need to protect a student's First Amendment rights.

112. Defendants' failure to properly hire, train, and/or supervise its school officials was a moving force behind the constitutional violations alleged herein and was a direct and proximate cause of Plaintiff's injuries.

113. Defendants' actions violated Plaintiff's clearly established rights and were objectively unreasonable.

114. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff has suffered: mental anguish; damage to his reputation; emotional distress; humiliation, adverse consequences socially, educationally, and vocationally; and other damages known and unknown.

115. Punitive damages are available against the individual Defendants and are hereby claimed as a matter of federal common law, *Smith v. Wade*, 461 U.S. 30 (1983).

116. Plaintiff is entitled to recovery of his costs, including reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

117. Plaintiff is entitled to injunctive relief ordering his immediate reinstatement from expulsion.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

118. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

119. Defendant's conduct was intentional, and for the purposes of silencing, injuring, and depriving Plaintiff of his constitutional rights, as described above.

120. Defendant's conduct as outlined above was extreme, outrageous, and of a character not to be tolerated by a civilized society.

121. Defendant's conduct as outlined above was for an ulterior motive or purpose.

122. Defendant's conduct resulted in severe and serious emotional distress.

123. As a direct or proximate result, Plaintiff sustained and continues to sustain injuries, including but not limited to mental anguish, embarrassment, humiliation, damage to reputation, disruption of personal life, and other damages known and unknown.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ALISON REEDY respectfully requests this Honorable Court to grant the following relief:

a) Declare that Defendants' actions in this case are unconstitutional and that Defendants violated Plaintiff's fundamental constitutional rights for the reasons set forth above;

b) Declare and make a finding that Defendants acted outside the scope of their authority and violated the cited statutes;

c) Issue a temporary restraining order, preliminary injunction, and permanent injunction, immediately reinstating Plaintiff from his expulsion, and fully expunging any record of this incident from his complete student record, transcript, and file;

d) Actual and compensatory damages, in an amount to be proven at trial, for the abuse and injuries Plaintiff so wrongly suffered by Defendants' unlawful, unconstitutional, and unjustified conduct;

e) Punitive and exemplary damages to the extent allowed by law for Defendants' conduct by evil motive or intent, and/or reckless or callous indifference to Plaintiff's rights;

f) Attorney's fees for Plaintiff having to bring this action to vindicate his rights that he was deprived of, pursuant to 42 USC § 1988(b); and,

g) Interests, costs, and such other and further relief as is just and proper.

Respectfully Submitted,

January 28, 2022

Daren A. Wiseley (P85220)
WISELEY LAW, PLLC
Attorney for Plaintiff

**I DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.**

ID ntH88sjzcqngTppeorAeKNUt

Alison Reedy
Plaintiff, on behalf of D. R., her minor son