UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISON REEDY, on behalf of D.R.,
her minor son,

                      CASE NO. 2:23-cv-10221

       Plaintiff,          HON. GERSHWIN A. DRAIN

v.

HURON SCHOOL DISTRICT, *et al.*,

       Defendants.

_____/

## OPINION AND ORDER DENYING HURON SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT [#20] AND FINDING DEFENDANTS' MOTION TO DISMISS [#10] MOOT

### I.    INTRODUCTION

On May 21, 2023, Plaintiff Alison Reedy, on behalf of her minor son, D.R., filed the instant 42 U.S.C. § 1983 action alleging Defendants Huron School District, District Superintendent Donovan Rowe, Vice Principal Andrew Tomasek, Teacher Ronnie Severin (collectively the "Huron School District Defendants"), Huron Township Police Department ("HTP"), HTP Chief of Police Everett Robbins, HTP Lieutenant Detective Leo Girard, and Wayne County Prosecuting Attorney Kym Worthy violated his First, Fourth, and Fourteenth Amendment

1

rights when they expelled and prosecuted her son for exercising his constitutional rights.

Now before the Court is the Huron School District Defendants' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rules of Civil Procedure 4(m) and 12(b)(5), filed on September 26, 2023. Plaintiff filed her Response in opposition on October 17, 2023, and Defendants filed their Reply in support of their present motion on October 25, 2023. Upon review of the parties' submissions and the relevant authority, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies the Huron School District Defendants' Motion to Dismiss.

## II. FACTUAL BACKGROUND

At the time giving rise to this action, Plaintiff's son attended Defendant Huron School District as a ninth-grade high school student. ECF No. 4, PageID.47. Plaintiff was an "A" student, in good standing, with no record of any violence or other behavioral or academic violations. *Id.*

On or about December 8, 2021, Plaintiff approached the school district with an assignment her son had been given. *Id.* The assignment included a song teaching Allah worship, as practiced by Islam. *Id.* Plaintiff took issue with her son being taught the song in a public school. *Id.*

Within twenty minutes after Plaintiff lodged her complaint, her son was approached by Defendant Girard. Defendant Girard told D.R. to "stand up, you're going to jail." *Id.* D.R. was then taken into custody at the school and interrogated, even though he had not been advised of his legal rights. *Id.* Plaintiff attempted to see her son at the time the interrogation was underway. *Id.* However, she was barred from entering the room where D.R. was being questioned. *Id.,* PageID.48. The high school Principal informed Plaintiff that "we're not ready for you yet," on three occasions. *Id.* Plaintiff was forced to wait outside for ninety minutes. *Id.* After the interrogation, Girard told Plaintiff that, "this will be the best thing that ever happens to your son, as I [Defendant Girard] was arrested at 17 and it changed my life." *Id.* D.R. was arrested. *Id.* Girard contacted the Huron Hub, a local newspaper, before Plaintiff was booked at the detention facility and had the story put in the newspaper. *Id.*, PageID.64.

D.R. was taken to Detroit Juvenile Facility where he was emotionally and mentally abused by other inmates. *Id.*, PageID.48. He was threatened by the other inmates that they were going to "tear him up," "white cracker," and "piece of meat." *Id.* As a result, D.R. has suffered ongoing trauma from his experience in the detention facility. *Id.*

D.R. was charged with "intentional threat to commit act of violence against school, school employees or students" allegedly for "intentionally threaten[ing] to

3

use a firearm to commit an act of violence against . . . unspecified students, or school property." *Id.*, PageID.66. Five days later, on December 13, 2021, the school district conducted a hearing in which D.R. was expelled. *Id.*, PageID.48. Plaintiff maintains that before the hearing, Defendant Superintendent Rowe told the board members how they would vote. *Id.* Plaintiff's attorney was called the day before the hearing and told that "we [Huron] have made up our mind and [D.R.] is going to be expelled." *Id..* Although a witness with knowledge was present, the district precluded his testimony. *Id.*, PageID.49. D.R. was denied any due process with respect to his expulsion. *Id.*, PageID.50. Plaintiff appealed the decision on behalf of her son, and the appeal was denied. *Id.*

The criminal charge and expulsion were based upon a purported joke D.R. made to some friends at school, which the Defendants took out of context, to make it seem as though D.R. were making a violent threat. *Id.* At some point, the Defendant Chief of Police, Everett Robins, contacted Plaintiff and told her that she was under criminal investigation and that he could arrest her at any time. *Id.*, PageID.49.

After presentation of evidence at a bench trial on October 25, 2022, D.R. was completely exonerated of the charges, with the judge concluding that

> I don't think D[. R.] is really guilty of anything, . . . . I just don't think
> that he did anything that broke the law; that he threatened anybody,
> that he did anything that was even, you know, should have been
> perceived as a threat.

4

*Id.*, PageID.220. Indeed, the teacher who overheard D.R.'s comment, Defendant Ronnie Severin, admitted she did not feel threatened by D.R.'s statement. *Id.*, PageID.86. The student who was nearest to D.R. during the exchange informed the school employees that D.R. had not threatened the school. *Id.*, PageID.99. Plaintiff incurred more than $25,000.00 in legal fees defending her son in the frivolous lawsuit. *Id.*, PageID.49.

Because Plaintiff had "threat" marked on his record, he was not given the option of attending a school of his family's choice and could not get admitted to any private schools. *Id.*, PageID.50. Plaintiff and her family were forced to move to another locality so that D.R. could finish high school. *Id.* On July 15, 2022, D.R., through his attorney, sought reinstatement into the Huron public school system, however the school district denied his request for reinstatement. *Id.*

As a result of Defendants' actions, D.R. has suffered severe mental and emotional distress. *Id.* He went from an "A" student to a "D" student. *Id.* D.R. has a permanent stain on his educational record which will cause him significant hardship in the college application process and his future career outlook. *Id.*

### III. PROCEDURAL POSTURE

Plaintiff initiated the instant action against Defendants Huron School District, Donovan Rowe, Huron Township Police Department, Everett Robbins, Leo Girard and Kym Worthy on January 30, 2023. On May 12, 2023, this Court

ordered Plaintiff to show cause why this action should not be dismissed without prejudice for her failure to properly serve the Defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. On May 21, 2023, Plaintiff responded to this Court's show cause order, as well as filed an Amended Complaint adding Defendants Andrew Tomasek and Ronnie Severin. In her response to this Court's order to show cause, Plaintiff sought an extension of time to serve the Defendants.

On May 31, 2023, Defendants filed a Motion to Dismiss the original complaint. However, because the Plaintiff has filed an Amended Complaint, Defendant's original Motion to Dismiss is now moot. Thereafter, on September 26, 2023, the Huron School District Defendants filed a Motion to Dismiss the Amended Complaint arguing that Plaintiff had yet to properly serve process.[1] The Huron School District Defendants argue they have not been properly served with the summons and copy of the Complaint to date.

## IV. LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 4(c) provides that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old

---

[1] It does not appear that Plaintiff has properly effectuated service on Defendant Kim Worthy. The HTP Defendants answered the Amended Complaint on June 27, 2023.

and not a party" to the action and that such service must occur within the time allowed by Rule 4(m), which is ninety days from the time the complaint is filed. Fed. R. Civ. P. 4(c)(1)-(2), 4(m). If the plaintiff fails to perfect service within the time allotted by Rule 4(m), but shows good cause for his or her failure, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). However, even where the plaintiff fails to establish good cause for the failure to effect proper service within 90 days, the Court may exercise its discretion to extend the service deadline. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown."); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996), *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 70 (N.D. Ohio 2016).

In determining whether to exercise its discretion, this Court must weigh the following factors:

> (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) whether the defendant has actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) whether the plaintiff has made any good faith efforts at effecting proper service of process.

*See Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

7

A defendant may move to dismiss a complaint for insufficient service under Federal Rule of Civil Procedure 12(b)(5). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *O.J. Distrib., Inc. v. Honeywell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

### B. Discussion

#### 1. Method of Service

Plaintiff has not demonstrated proper service on the Huron School District Defendants. Service of the Summons and copy of the Complaint in federal court is proper by any method permitted for serving a complaint by the state in which the federal court is located. *See* Fed. R. Civ. P. 4(e); Fed. R. Civ. P. 4(j). Michigan Court Rule 2.105 governs service of process for the summons and complaint on resident individuals. M.C.R. 2.105(A)(2) provides that:

> Individuals. Process may be served on a resident or nonresident individual by
> (1) delivering a summons and a copy of the complaint to the defendant personally, or
> (2) Sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail.

It appears Plaintiff attempted to properly served Defendant Superintendent Donovan Rowe on October 18, 2023 by personal service pursuant to M.C.R. 2.105(A)(1). ECF No. 24. Plaintiff also mailed a copy of the complaint and summons with return receipt requested on October 17, 2023 pursuant to M.C.R. 2.105(A)(2). *Id.* However, Defendant Rowe has submitted a Declaration asserting that he has not yet been personally served with a copy of the Complaint and Summons. ECF No. 25, PageID.445. Further, it is unclear to the Court that Mr. Rowe signed the return receipt. Defendant Vice Principal Andrew Tomasek was mailed a copy of the complaint and summons, return receipt requested, on October 17, 2023; however, the Court likewise cannot ascertain whether Mr. Tomasek signed the return receipt. *Id.* Lastly, the record is devoid of any evidence that Plaintiff has attempted to effectuate proper service on Defendant Teacher Ronnie Severin pursuant to M.C.R. 2.105(A)(1) or 2.105(A)(2).

Plaintiff has likewise failed to effectuate proper service on Defendant Huron School District. Under Michigan law, proper service of process on a school district requires that service "be made upon the president, secretary, or treasurer of the board of the school district or intermediate school board." MICH. COMP. LAWS § 380.1641. Here, Plaintiff has not shown she effectuated service on the school district by serving its president, secretary, or treasurer of the school board.

9

### 2. Good Cause

"Establishing good cause is the responsibility of the party opposing the motion to dismiss and necessitates a demonstration of why service was not made within the time constraints of the Rule." *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016). Rule 4(m) "does not define 'good cause,' but the Sixth Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of 'good cause' such that untimely service may be excused." *Id.* (citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). In this case, Plaintiff has not provided any justification for her failure to timely effectuate service of process. As such, Plaintiff has not demonstrated good cause to excuse her tardiness. However, for the reasons discussed below, the Court will exercise its discretion to extend the service of process deadline.

### 3. Discretionary Factors

#### a. Whether a Significant Extension is Required

Plaintiff was required to effectuate proper service no later than August 21, 2023. Thus, Plaintiff seeks an extension of more than five months to effectuate proper service. Such an extension is significant–weighing against granting the extension–but not beyond what is permissible. *See Caimona v. Ohio Civ. Serv. Emps. Ass'n*, No. 4:18-cv-785, 2018 U.S. Dist. LEXIS 206184, at *6 (N.D. Ohio Dec. 6, 2018).

### b. Whether an Extension Would Prejudice the Huron School District Defendants

The Huron School District Defendants do not assert that an extension of time will prejudice them, the absence of which weighs in favor of granting the extension.

### c. Whether Defendants Had Actual Notice

The Defendants have had actual notice of this lawsuit since May of last year. This factor also weighs in favor of granting an extension.

### d. Whether Dismissal Would Substantially Prejudice Plaintiff

Plaintiff does not argue she will be substantially prejudiced if this action is dismissed without prejudice. This factor therefore weighs in favor of dismissal.

### e. Whether Plaintiff Made Any Good Faith Efforts at Proper Service

Plaintiff appears to have attempted service, but failed to abide by state law when doing so. This factor also weighs in favor of dismissal.

### f. Weighing the Factors

In this Circuit, there is a "preference to resolve cases on the merits" in deciding whether to dismiss cases for procedural deficiencies. *Buck v. United States Dep't of Agric.*, 960 F.2d 603, 607 (6th Cir. 1992); *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002). Here, three of the five factors weigh in favor of dismissal. However, the two that weigh in favor

of granting an extension are significant enough to tip the scales in favor of an extension. Dismissing this case without prejudice will merely serve to delay these proceedings in contravention of Rule 1's command that the Federal Rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding" Fed. R. Civ. P. 1, and the Sixth Circuit's preference for deciding cases on the merits. *Buck*, 960 F.2d at 607.

## V.     CONCLUSION

Accordingly, for the reasons articulated above, the circumstances of this case warrant an extension of time until January 30, 2024 to perfect service of process.

The Huron School District Defendants' Motion to Dismiss [#10] is MOOT.

The Huron School District Defendants' Motion to Dismiss the Amended Complaint [#20] is DENIED.

Plaintiff shall properly effectuate service on the Huron School District Defendants no later than January 30, 2024.

Dated: January 18, 2024                    /s/Gershwin A. Drain
                                           GERSHWIN A. DRAIN
                                           United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 18, 2024, by electronic and/or ordinary mail.
/s/ Lisa Bartlett
Case Manager