UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALISON REEDY, as Next Friend to
D.R., a minor,

    Plaintiff,

v.

    Case No.: 23-cv-10221
    U.S. DISTRICT COURT JUDGE
    GERSHWIN A. DRAIN

HURON SCHOOL DISTRICT, *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS HURON SCHOOL DISTRICT, DONOVAN ROWE, ANDREW TOMASEK, AND RONNIE SEVERIN'S MOTION TO STAY DISCOVERY PENDING THIS COURT'S DECISION OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(C) [#40]**

Presently before the Court is Defendants Huron School District, Donovan Rowe, Andrew Tomasek, and Ronnie Severin's (collectively, "School District Defendants") Motion to Stay Discovery Pending This Court's Decision of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(c) ("Motion to Stay") [#40], filed on October 18, 2024. The School District Defendants seek an order staying discovery until the Court decides their motion for judgment on the pleadings, which raises qualified immunity and state governmental immunity

defenses. Defendants Huron Township Police Department, Everett Robbins, and Leo Girard (collectively, "Police Department Defendants") filed a Response concurring with the School District Defendants' Motion to Stay on October 23, 2024. Plaintiff did not file a Response. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the School District Defendants' Motion to Stay on the pleadings. *See* E.D. Mich. L.R. 7.1(f)(2). For the following reasons, the School District Defendants' Motion to Stay is GRANTED.

## I.   PROCEDURAL BACKGROUND

On May 21, 2023, Plaintiff Allison Reedy filed a First Amended Complaint against the following Defendants on behalf of her minor son, D.R.:

- Huron School District, a public school district in Wayne County, Michigan;

- Donovan Rowe, who allegedly is or was employed by Huron School District as District Superintendent, in his individual and official capacities;

- Andrew Tomasek, who allegedly is or was employed by Huron School District as Vice Principal, in his individual and official capacities;

- Ronnie Severin, who allegedly is or was employed by Huron School District as a teacher, in her individual and official capacities;

- Huron Township Police Department, a police agency in the Township of New Boston, Michigan;

2

- Everett Robbins, who allegedly is or was employed by Huron Township Police Department as Chief of Police, in his individual and official capacities;

- Leo Girard, who allegedly is or was employed by Huron Township Police Department as Detective with rank of Lieutenant, in his individual and official capacities; and

- Kym Worthy, Wayne County Prosecuting Attorney, in her individual and official capacities.[1]

Plaintiff asserts the following claims against all Defendants: violation of due process rights under the Fourteenth Amendment to the United States Constitution (Count 2); false arrest in violation of the Fourth Amendment (Count 3); malicious prosecution in violation of the Fourth Amendment (Count 4); violation of freedom of speech under the First Amendment (Count 5); and intentional infliction of emotional distress (Count 6). Plaintiff's constitutional claims are brought pursuant to 42 U.S.C. § 1983. Plaintiff also asserts a cause of action under MICH. COMP. LAWS § 380.1310d against Defendant Huron School District (Count 1).

On October 18, 2024, the School District Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c),

---

[1] Plaintiff has yet to properly effectuate service on Ms. Worthy.

3

raising qualified immunity and state governmental immunity defenses. That same day, the School District Defendants also filed the present Motion to Stay, claiming a discovery stay on all of Plaintiff's claims is warranted pending the Court's resolution of these defenses.

On October 23, 2024, the Police Department Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), where they also raise qualified immunity and state governmental immunity defenses. The Police Department Defendants also filed a Response concurring with the School District Defendants' Motion to Stay, claiming a discovery stay on all of Plaintiff's claims is appropriate until the Court resolves the Police Department Defendants' qualified immunity and state governmental immunity defenses.

## II. LEGAL STANDARD

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citation omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55 (citations

omitted).

### III. ANALYSIS

#### a. Plaintiff's Constitutional Claims (Counts 2, 3, 4, and 5)

First, the School District Defendants and the Police Department Defendants claim a discovery stay is warranted as to Plaintiff's constitutional claims (Counts 2, 3, 4, and 5) because these Defendants raise the issue of qualified immunity in their respective motions for judgment on the pleadings. "Qualified immunity shields government officials from civil [individual] liability in the performance of their duties so long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Getz v. Swoap*, 833 F.3d 646, 652 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of qualified immunity "is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of discovery." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (citations omitted). To that end, if a defendant raises a qualified immunity defense in a dispositive motion, "the court must 'stay discovery until that issue is decided.'" *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (citation omitted).

Here, it is clear that a discovery stay is appropriate as to Plaintiff's constitutional claims against Rowe, Tomasek, Severin, Robbins, and Girard. They

are being civilly sued in their individual capacities and have raised the issue of qualified immunity in their respective motions for judgment on the pleadings. While the qualified immunity defense is unavailable to government entities, the Court believes a discovery stay is also necessary as to Plaintiff's constitutional claims against Defendants Huron School District and Huron Township Police Department. As the Sixth Circuit has recognized, "[a] municipality . . . cannot be liable under § 1983 absent an underlying constitutional violation by its officers." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Furthermore, all of Plaintiff's claims arise from the same set of incidents, making it likely that there is significant factual overlap between the claims. To properly effectuate the discovery stay on Plaintiff's constitutional claims against the individual Defendants, it is necessary to also stay discovery on Plaintiff's constitutional claims against the government entity Defendants. Therefore, a discovery stay is appropriate on Plaintiff's constitutional claims (Counts 2, 3, 4, and 5) against all of the School District Defendants and the Police Department Defendants.

### b. Plaintiff's IIED Claim (Count 6)

Next, the School District Defendants and the Police Department Defendants claim a discovery stay is warranted on Plaintiff's IIED claim (Count 6) because these Defendants raise the issue of state governmental immunity in their respective

6

motions for judgment on the pleadings. Under MICH. COMP. LAWS § 691.1407, "governmental agencies and their employees are generally immune from tort liability" except in certain circumstances. *Beals v. Michigan*, 497 Mich. 363, 365 (Mich. 2015) (citing MICH. COMP. LAWS § 691.1407). The Michigan Supreme Court has recognized that the "central purpose of governmental immunity [under MICH. COMP. LAWS § 691.1407] . . . is to prevent a drain of the state's resources by avoiding even the expense of having to contest on the merits any claim barred by governmental immunity." *Rowland v. Washtenaw Cnty. Rd. Comm'n*, 477 Mich. 197, 223 n.18 (Mich. 2002) (citation omitted).

Here too, the Court finds that a discovery stay is proper as to Plaintiff's IIED claim. Whether these Defendants are entitled to governmental immunity under MICH. COMP. LAWS § 691.1407 is a preliminary issue that may dispose of Plaintiff's IIED claim. Furthermore, staying discovery will advance the purpose of this provision by sparing the State of Michigan from the burdens of discovery until the Court determines whether this claim is barred by state governmental immunity. Therefore, a discovery stay is appropriate as to Plaintiff's IIED claim (Count 6).

### c. Plaintiff's MICH. COMP. LAWS § 380.1310D Claim (Count 1)

Lastly, the Court finds that a discovery stay is appropriate as to Plaintiff's MICH. COMP. LAWS § 380.1310d claim (Count 1) against Defendant Huron School District. Allowing discovery to proceed with respect to this claim would frustrate

7

the other discovery stays the Court finds are necessary. As previously noted, all of Plaintiff's claims stem from the same set of incidents, making it likely that there is substantial factual overlap between all of Plaintiff's claims. Therefore, the Court believes it is necessary to also stay discovery on Plaintiff's MICH. COMP. LAWS § 380.1310d claim (Count 1).

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS the School District Defendants' Motion to Stay Discovery. Discovery is stayed on all of Plaintiff's claims until the Court resolves the School District Defendants' and the Police Department Defendants' respective motions for judgment on the pleadings.

SO ORDERED.

Dated: November 18, 2024              /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 18, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager